R. E. McVEY, *Appellee,* v. R. W. COATES, *Appellant.*

No. 18,032.

SYLLABUS BY THE COURT.

PRINCIPAL AND AGENT — *Commissions—Definite Contract—Incompetent Evidence.* On the trial of a controverted fact as to the amount contracted to be paid as a commission for the sale of land, each party pleading and testifying that there was a definite agreement in reference thereto but differing as to the amount, it is error to admit evidence that a third party, at some indefinite time prior thereto, had an agreement with the landowner for the same service and for a commission much less than that claimed by one party and much greater than that testified to by the other.

Appeal from Bourbon district court. Opinion filed March 8, 1913. Reversed.

*A. M. Keene,* and *E. C. Gates,* both of Fort Scott, for the appellant.

*Charles A. Blair,* and *W. W. Padgett,* both of Fort Scott, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This action was brought by the appellee against the appellant to recover a commission for the sale and trade of lands owned by appellant in Bourbon county for lands in Smith county and for a large amount of cash. The appellee claims in his petition, and also testified, that previous to the selling and

trading of appellant's land he and the appellant entered into a verbal contract by the terms of which appellant agreed to pay him the sum ·of· $2000 if he would sell the 770 acres of land belonging to appellant for a cash consideration of $60 per acre, or would procure a trade of the land which the appellant would accept, and that he did procure for the appellant a trade for a portion of the land which the appellant accepted and the sale of the remainder at $60 per acre.

The appellant answered, and in substance testified that he entered into a verbal contract with the appellee that if he would sell a portion of the land for $65 in money, and obtain a trade of the remainder for a certain like number of acres in Smith county, he would pay the appellee $500, less the expense of going from Kansas City to Smith Center, Kan. He also alleged the amount of the expenses and certain interest that the appellee undertook to allow him as an offset, all aggregating $57.90. In the answer it is also alleged that the appellee did not represent the appellant in good faith, but was the "duly appointed and qualified agent" of the other party to the transaction and was paid a commission therefor by the purchaser without the knowledge or consent of the appellant.

On the trial, after the appellee had testified to the facts substantially as claimed in his petition and offered other evidence as to the usual price charged by real-estate agents for selling property, the appellant demurred to the evidence of the appellee. The demurrer was overruled. The ground of the demurrer was that the reply of appellee was unverified, and hence admitted the allegation of the answer that appellee did not fairly represent appellant in the transaction "but was the duly appointed and qualified agent" of the other party thereto and received compensation therefor without the knowledge or consent of appellant. After the close of the evidence the reply was, by leave of court, verified, and the question will not recur on another trial.

After the appellant had testified, in substance, that he had given the appellee the agency to sell or to make an acceptable trade of his land and had agreed to pay appellant $500 therefor and had not agreed to pay $2000 as a commission therefor, and had produced other witnesses whose evidence tended to corroborate his statements, he rested.

In rebuttal, the appellee produced as a witness, one Anderson, who testified, over the repeated objections of appellant, to the questions asked as follows:

"Q. Did this man Coates ever put this land in your hands to sell at any time? A. He did.

"Q. Was the land in your hands, did he put the land in your hands for sale at $40.00 an acre and were you to have $1000.00 commission if you sold it at $40.00 an acre? A. Yes, sir."

There is no evidence as to how long it was before the contract was made between appellant and appellee that Anderson was given the agency to sell the land. It may have been weeks or years before. The appellant, however, himself testified that he gave Anderson the agency to sell the land at $40 per acre and that such agency continued until the time, or about the time, the contract was made with the appellee. He denied that he ever agreed to give Anderson $1000 commission in case Anderson secured a sale.

That there was an agreement, a contract, as to the amount appellee was to receive in case he procured a trade or sale of the land is pleaded and testified to by both of the parties; also, it is agreed that the sale of a part and an accepted trade of the remainder was brought about by the appellee. The issue before the jury, then, was whether the commission was fixed by the contract at $2000 or at $500. The verdict was for $1180. The province of the jury was to determine which of the two sums was agreed upon, and not to make a new contract for the parties.

The evidence of Anderson was incompetent. It was

not a part of the *res gestæ* and was not shown to have had any connection in point of time to the transaction in question. As stated by him, his agreement may have been weeks or years before the making of the contract in question.

The judgment is reversed and the case is remanded for a new trial.